IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| American Alternative Insurance Company, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.: 9:25-cv-00683-RMG<br>) |
| Omega Construction, Inc., | )<br>) |
| Defendant. | )<br>) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

American Alternative Insurance Company ("Surety") files this Complaint for Declaratory Judgment against Omega Construction, Inc. ("Omega"), and respectfully shows the Court the following:

**Parties, Jurisdiction and Venue**

1.　This is an action for declaratory judgment, brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, to declare the rights and other legal relations surrounding questions of actual controversy which presently exist between Surety and the Omega.

2.　Surety is a corporation formed under the laws of the State of Delaware with its principal place of business in Princeton, New Jersey.

3.　Omega is a corporation formed under the laws of the State of North Carolina, with its principal place of business in Winston Salem, North Carolina.

4. This matter concerns an amount in controversy greater than $75,000.00, exclusive of interest and costs.

5. There is a complete diversity of citizenship between Surety and Omega.

6. This Court has jurisdiction of this matter under 28 U.S.C. § 1332(a) and venue is proper in this District under 28 U.S.C. § 1391(b).

## Factual Background

7. Omega was the general contractor for the construction project known as Gateway Commercial Park – Buildings 1 and 2 ("Project") located in Hardeeville, South Carolina.

8. On or about May 1, 2023, Kenneth Scott Builders, Inc. ("KSB") entered into a subcontract with Omega to perform sitework, including grading, erosion control and the site utilities package, at the Project (the "Subcontract").

9. On or about June 12, 2023, Surety executed a Performance Bond and a Payment Bond, each identified as Bond No. S7A2SU0000870 and with a penal sum of $10,319,901.00, on behalf of KSB in connection with their obligations on the Subcontract.

10. Surety's obligations under the Performance Bond, which are not at issue in this Complaint, run to Omega to the extent the conditions of that bond are met regarding the alleged default of KSB under the Subcontract and the compliance by Omega of the conditions' precedent to a Performance Bond claim.

11. Surety's obligations under the Payment Bond run directly to those subcontractors and suppliers of KSB who provide labor and material in furtherance of KSB's Subcontract scope of work.

12. In early 2024, several disputes arose on the Project between KSB and Omega related to the Subcontract, which ultimately resulted in KSB and Omega declaring the other to be in default and/or terminating the Subcontract.

13. Despite the existence of the Performance Bond, Omega demanded payment from the Surety under Payment Bond S7A2SU0000870 for sums it allegedly paid by Omega directly to KSB's subcontractors and suppliers.

14. On June 12, 2024, Omega executed and provided to Surety a sworn Payment Bond Proof of Claim in the amount of $5,543,482.49 which it asserted, in part, a claim on the Payment Bond.

15. As a basis for its claim on the Payment Bond, Omega alleges, *inter alia*, that it made direct payments to certain of KSB's subcontractors and suppliers, of at least $912,949.00.

16. Omega did not perform at any point as a subcontractor or supplier to KSB.

17. At the time of each of the payments by Omega to KSB's subcontractors and suppliers, for which Omega contends it has a right to recover under the Payment Bond, sufficient funds were available under the Subcontract for which Omega could have set off its alleged damages.

## COUNT I
## DECLARATORY JUDGMENT

18. The allegations contained in paragraphs 1 through 17, inclusive, are incorporated herein by reference as if fully set forth herein.

19. Omega is required, under the terms of the Subcontract and existing law, to apply the Subcontract balance to the payments made to KSB's subcontractors and suppliers before it may assert any claim for such alleged losses against the Surety.

20. Omega has refused to apply the Subcontract balance to the amounts it paid to KSB's subcontractors and suppliers for which it is asserting a claim against Surety under the Payment Bond.

21. Even if the Subcontract funds available were insufficient to apply to the amounts Omega claims against the Payment Bond, Omega because it did not supply any labor or material in prosecution of the work provided for in the Subcontract, has no right to recover under the Payment Bond.

22. There are actual and justiciable controversies between Surety and Omega.

23. A declaratory judgment by this Court will resolve the outstanding issues between Surety and Omega with regard to Omega's claim on the Payment Bond.

24. By reason of the foregoing, Surety seeks a declaration from this Court as to the amount Omega must apply from the Subcontract balance to the amounts Omega claims to have paid to KSB's subcontractors and suppliers.

25. By reason of the foregoing, Surety also seeks a declaration from this Court that Omega has no right to make a claim or to recover any amount from Surety under the Payment Bond.

WHEREFORE, Surety prays that this Court enter a judgment (a) declaring the amount Omega must apply from the Subcontract balance to the amounts Omega claims to have paid to KSB's subcontractors and suppliers, and (b) declaring that Omega has no right to make a claim or to recover any amount from Surety under the Payment Bond. Surety further prays that this Court grant such other and further relief to Surety as this Court deems just and proper.

Respectfully submitted, February 5, 2025,

/s/ David A. Harris
David A. Harris, Fed. ID # 14019
Bovis, Kyle, Burch & Medlin, LLC
200 Ashford Center North, Suite 500
Atlanta, Georgia 30338
dah@boviskyle.com
Tel: (770) 391-9100
Fax: (770) 668-0878

Attorney for American Alternative Insurance Company